■ In the Matter of the Claim of MARY KISLOWSKI et al., Respondents, against EMPIRE BOARDING STABLE et al., Appellants. WORKMEN'S COMPENSA-TION BOARD, Respondent.— Appeal by an · employer and its insurance carrier from an award and decision of the Workmen's Compensation Board in a death case, directing the payment of $500 and $1,500 into the Special Funds provided for in subdivision 9 of section 15 and section 25-a · of the Workmen's Compensa-tion Law. Decedent left no dependents entitled to take compensation, but the award directed the payment of funeral expenses to decedent's niece. The issue before the board was whether decedent's death was accidental or whether he committed suicide. On May 19, 1950 decedent sustained a leg injury arising out of and in the course of his employment. The injury was severe, and painful over a long period of time, worsening from a 40% permanent loss of use to 90% loss of use. His physician testified that decedent suffered great pain, and prescribed a barbiturate preparation known as nembutal to alleviate the pain and induce sleep. There is no evidence that decedent was told nembutal was a poison, and that an overdose might cause death. On December 3, 1952 decedent was found dead in bed, and the empty bottle that had contained the nembutal capsules was found on a dresser. From an autopsy and chemical findings it was determined that he died from acute nembutal poisoning and had taken at least 16 capsules of nembutal at one time. The dosage prescribed was one capsule each night. On the basis of such facts was the board bound to find that decedent deliberately committed suicide? We think not. The common-law presumption against suicide is very strong and applicable to cases under the Workmen's Compensation Law; and there is a presumption in the statute itself against a willful intention on the part of an employee to bring about the death of himself. These presumptions, coupled with the fact that it was not beyond the bounds of reason to find from the record that decedent may have taken an overdose in the mistaken belief that it would merely relieve his pain, are suf-ficient to sustain the decision of the board. At any rate they lift the problem from the area of law, for if the proof is open to equal inferences the factual determination of the board is final. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.